**UNITED STATES of America,
Appellee,**

v.

**Nicola MELIA, Defendant–Appellant.**

No. 06–2054–cr.

United States Court of Appeals,
Second Circuit.

Nov. 5, 2007.

Michael J. Gustafson, Assistant United States Attorney (Kevin J. O'Connor, United States Attorney for the District of Connecticut, William J. Nardini, Assistant United States Attorney, of counsel, on the brief), New Haven, CT, for Appellee.

H. James Pickerstein, Pepe & Hazard, LLP, Southport, CT, for Defendant–Appellant.

PRESENT: Hon. WALKER, Hon. CHESTER J. STRAUB and Hon. ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Defendant Nicola Melia appeals the sentence imposed after he pled guilty to one count of an indictment charging him with participating in racketeering, in violation of 18 U.S.C. § 1962(c).[1] The United States District Court for the District of Connecticut (Janet Bond Arterton, *Judge* ) sentenced Melia to 33 months' imprisonment, a three-year term of supervised release, a $100.00 special assessment, and a fine of $50,000. Melia's prison sentence was within the range of 27–33 months set forth in the U.S. Sentencing Guidelines. This range was based upon a Criminal History Category of I and an offense level of 18, which included a 2–level enhancement for playing a supervisory role pursuant to U.S.S.G. § 3B1.1(c).

Melia contends that his sentence is substantively unreasonable in view of his "ex-

traordinarily harsh pretrial conditions[,] ... bleak physical condition, advanced age and responsibility for the care of his 97 year old mother." Melia further contends that the sentencing court committed error in two respects when it added a 2–level enhancement for his playing a supervisory role. First, Melia argues that there was insufficient evidence in the record to establish his allegedly supervisory role. Second, in a supplemental brief, Melia argues that the District Court's application of a sentencing enhancement ran afoul of the Supreme Court's recent decision in *Cunningham v. California,* — U.S. —, 127 S.Ct. 856, 166 L.Ed.2d 856 (2007). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

### 1. Melia's sentence was not substantively unreasonable.

In reviewing challenged sentences for unreasonableness, we do not substitute our judgment for that of the sentencing judge. *See United States v. Fernandez,* 443 F.3d 19, 27 (2d Cir.2006), *cert. denied,* — U.S. —, 127 S.Ct. 192, 166 L.Ed.2d 143 (2006). Instead, we inquire whether the sentencing judge "exceeded the bounds of allowable discretion[,] ... committed an error of law in the course of exercising discretion, or made a clearly erroneous finding of fact." *United States v. Crosby,* 397 F.3d 103, 114 (2d Cir.2005) (internal citations omitted), *abrogated on other grounds by United States v. Fagans,* 406 F.3d 138, 142 (2d Cir.2005). Although we have declined to establish a presumption

---

1. Defendant Victor Riccitelli also appeals from his conviction in the United States District Court for the District of Connecticut. Riccitelli's counsel has submitted a motion to withdraw from his representation of Riccitelli pursuant to *Anders v. California,* 386 U.S.

738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and the government has submitted a motion for summary affirmance. We have requested supplemental briefing as to these motions, and a new panel of this Court will adjudicate the motions in the ordinary course.

that a Guidelines sentence is reasonable, *see United States v. Fairclough*, 439 F.3d 76, 80 (2d Cir.2006), *cert. denied*, —— U.S. ——, 126 S.Ct. 2915, 165 L.Ed.2d 937 (2006), we also recognize that "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *Fernandez*, 443 F.3d at 27. "[B]y the time an appeals court is considering a within-Guidelines sentence on review, *both* the sentencing judge and the Sentencing Commission will have reached the *same* conclusion as to the proper sentence in the particular case." *Rita v. United States*, —— U.S. ——, 127 S.Ct. 2456, 2463, 168 L.Ed.2d 203 (2007).

We have considered each of Melia's arguments in support of his claim that his sentence is substantively unreasonable and find them to be without merit. The District Court calculated Melia's sentence under the Guidelines and treated the guidelines range as advisory, giving due consideration to the 18 U.S.C. § 3553(a) factors and specifically indicated that she had considered each of the arguments Melia raised on reasonableness. The District Court having arrived at a reasonable sentence and there being no indication that it did not consider all of the Section 3553(a) factors, we have no occasion to reject its weighing of the factors. *See United States v. Florez*, 447 F.3d 145, 158 (2d Cir.2006), *cert. denied*, —— U.S. ——, 127 S.Ct. 600, 166 L.Ed.2d 445 (2006).

*2. There was no error in applying a 2–level enhancement for Melia's "supervisory role."*

We review sentence enhancements for a defendant's supervisory role pursuant to U.S.S.G. § 3B1.1 under a "clearly erroneous" standard. *See United States v. Kilkenny*, 493 F.3d 122, 130 (2d Cir.2007). The determination of whether a defendant's role is supervisory is primarily a factual inquiry because the sentencing judge considers the "degree of control and authority [the defendant] exercised over others." U.S.S.G. § 3B1.1, application note 4. Our deferential standard of review reflects the fact that a sentencing judge is in the best position to determine how much control a defendant had over other participants.

The sentencing judge did not clearly err in finding that Melia was "an organizer, leader, manager, or supervisor," U.S.S.G. § 3B1.1(c), in the loan sharking operation because there was sufficient evidence of Melia's control over at least one other participant. The record supports a conclusion that Melia exercised control over Athanasios Tsiropoulos. Tsiropoulos extended usurious loans only with Melia's prior permission. Tsiropoulos revealed his reliance on Melia as a manager in his statement that he "was starving" until Melia gave him permission to put money on the streets. These facts provide sufficient basis for a sentence enhancement under U.S.S.G. § 3B1.1(c).

Melia's case can be distinguished from *United States v. Burgos*, 324 F.3d 88, 91–93 (2d Cir.2003), where we reversed a role enhancement for lack of sufficient evidence of the defendant's control over others. In *Burgos*, the record provided no facts that supported a hierarchical relationship between the defendant and the individual over whom he allegedly had control. The two participants worked together as co-equals in an operation to cash stolen checks and were free to act independently. In contrast, the record here contains evidence that Melia supervised Tsiropoulos who worked exclusively for him and under his direction.

108

We also reject Melia's contention that *Cunningham*, 127 S.Ct. 856, requires a jury to find the facts leading to Melia's sentencing enhancement. *Cunningham* found unconstitutional California's determinate sentencing scheme ("DSL") because it gave the trial judge, not the jury, the "authority to find the facts that expose a defendant to an elevated 'upper term' sentence." *Id.* at 860. Yet, the Supreme Court explicitly stated that *Cunningham* did not affect federal sentencing. *Id.* at 868 n. 13. Unlike California's mandatory DSL, the U.S. Sentencing Guidelines are advisory, pursuant to *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). The advisory character of the federal guidelines permits the sentencing judge to find facts leading to an offense level enhancement without violating the Sixth Amendment. *See id.* at 245–46, 125 S.Ct. 738. In the instant case, the District Court treated the federal guidelines as advisory and complied with the procedures outlined in *Booker*. *See id.* at 259–60, 125 S.Ct. 738. As a result, Melia's sentence is constitutionally permissible and *Cunningham* has no effect on our analysis.

In summary, the District Court imposed a sentence that was substantively reasonable and included a sentence enhancement for Melia's supervisory role that was not clearly erroneous. We have considered Melia's remaining arguments and find them to be without merit. Accordingly, the judgment of the District Court is AFFIRMED.