12-2688-cr
United States v. Rodriguez

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall Courthouse, 40 Foley Square, in the City of New York, on the 25th day of April, two thousand thirteen.

Present:
        PIERRE N. LEVAL,
        ROBERT A. KATZMANN,
        PETER W. HALL,
                *Circuit Judges*.

---

UNITED STATES OF AMERICA,

        *Appellee*,

                v.                                                  No. 12-2688-cr

NANCY RIVERA, LUIS IDELFONSO, AKA COLOGNA,
OMAR RODRIGUEZ-ARTEAGA, AKA CUBA, JOSE
GARCIA, AKA PICUA, WANDA RIVERA, AKA
WANDI RIVERA, MICHAEL MURRAY,

        *Defendants*,

EMILIO RODRIGUEZ, AKA DOMINIC, AKA MILITO,

        *Defendant-Appellant*.

---

For Appellee:                          S. DAVE VATTI (Sandra S. Glover, *on the brief*), Assistant
                                       United States Attorneys, *for* David B. Fein, United States
                                       Attorney for the District of Connecticut, New Haven, CT.

For Defendant-Appellant:               JONATHAN J. EINHORN, Law Office of Jonathan J. Einhorn,
                                       New Haven, CT.


Appeal from the United States District Court for the District of Connecticut (Thompson, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Emilio Rodriguez appeals from a June 28, 2012 judgment of conviction entered by the United States District Court for the District of Connecticut (Thompson, *J.*). Rodriguez pled guilty to one count of conspiracy to possess with intent to distribute, and to distribute, one kilogram or more of heroin pursuant to 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846. The district court sentenced him to the mandatory minimum sentence of 120 months' imprisonment. On appeal, Rodriguez challenges the district court's finding that he was a supervisor or manager of the drug enterprise, and therefore was ineligible for safety valve relief from the applicable mandatory minimum. *See* 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2(a). We presume the parties' familiarity with the underlying facts and procedural history of this case.

We review a district court's legal construction of the Sentencing Guidelines *de novo*, but review the court's factual findings for clear error. *See United States v. Nuzzo*, 385 F.3d 109, 118 (2d Cir. 2004). We review a district court's determination that a defendant held a supervisory or managerial role in a conspiracy for clear error. *See United States v. Melia*, 253 F. App'x 105, 107 (2d Cir. 2007) (summary order) (citing *United States v. Kilkenny*, 493 F.3d 122, 130 (2d Cir.

2

2007)). "The determination of whether a defendant's role is supervisory is primarily a factual inquiry because the sentencing judge considers the degree of control and authority the defendant exercised over others. Our deferential standard of review reflects the fact that a sentencing judge is in the best position to determine how much control a defendant had over other participants." *Id.* (internal quotation marks, citation, and brackets omitted).

Rodriguez has failed to show any clear error by the district court. The district court concluded that Rodriguez did not satisfy the safety valve criteria of not being "an organizer, leader, manager or supervisor" of the drug conspiracy. The court based this conclusion on the testimony of Rodriguez's coconspirator, Nancy Rivera, who the district observed testified "that she operated at the command of Mr. Rodriguez and she was his helper," as corroborated by phone conversations between various coconspirators that were entered into evidence. J. App'x 89. Additionally, the court emphasized Rivera's reference to Rodriguez as "the boss," finding that this comment "pretty definitively establishe[d] his role." J. App'x 91.

On appeal, Rodriguez does no more than attempt to impugn Rivera's credibility and argue for a different interpretation of the phone conversations. Such arguments do not overcome the deference we must afford to the district court's factual findings and credibility determinations. The district court had an ample factual basis on which to conclude by a preponderance of evidence that Rodriguez was an organizer, leader, supervisor or manager of a narcotics conspiracy, thereby precluding his eligibility for the safety valve under 18 U.S.C. § 3553(f).

We have considered all of the defendant's remaining arguments and find them to be without merit.[1]  Accordingly, for the foregoing reasons, the judgment of the district court is

**AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

[1] Rodriguez contends the district court erred in placing the burden on him to prove that he was eligible for safety valve relief, rather than on the government to prove that he was ineligible. The district court, however, concluded that, if the government had the burden, it had sufficiently shown his ineligibility.  J. App'x 91.

4